IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| ANTONIO M. PERRY, | |
| Plaintiff, | |
| vs. | No. 04-2856-Ma/V |
| SHELBY COUNTY DIVISION OF CORRECTIONS, | |
| Defendant. | |

ORDER GRANTING DEFENDANT'S MOTION TO
SET ASIDE THE DEFAULT

Plaintiff Antonio M. Perry filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., on October 26, 2004 and paid the civil filing fee. The Court issued an order on November 9, 2004 that, inter alia, dismissed the complaint with respect to the individual defendant, authorized the clerk to issue a summons to the plaintiff, and directed the plaintiff to serve the remaining defendant. Plaintiff filed proof of service on November 23, 2004. On January 31, 2005, the Clerk docketed a letter to this judge from the plaintiff, which the Clerk properly construed as a motion seeking entry of default pursuant to Fed. R. Civ. P. 55(a). The Clerk entered the default on February 2, 2005. On March 29, 2005, defendant filed a motion to set aside the default pursuant to Fed. R. Civ. P. 55(c). Plaintiff

filed a response to the defendant's motion on April 5, 2005 and an amended response on April 15, 2005.

Rule 55(c) of the Federal Rules of Civil Procedure provides, in pertinent part, that, "[f]or good cause shown[,] the court may set aside an entry of default." Although the defendant's motion sets forth a number of grounds, only one warrants setting aside the default.[1] Defendant contends that it has not been properly served with process and, therefore, the Court has not acquired personal jurisdiction over it.

Pursuant to Fed. R. Civ. P. 4(j)(2), "[s]ervice upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the

---

[1] Defendant also asserts, inter alia, that Shelby County Division of Correction is not a legal entity subject to suit, but does not identify the proper entity that should have been sued and cites no authority for the proposition that a pro se complaint should be dismissed on that basis. The cases cited by the defendant are readily distinguishable. Kearney v. New York State Legislature, 103 F.R.D. 625 (E.D. N.Y. 1984), is factually inapposite, standing for the proposition that, under New York law, service on the state attorney general is insufficient to confer personal jurisdiction over the state legislature. In Haines v. Metropolitan Gov't of Davidson County, Tenn., 32 F. Supp. 2d 991 (M.D. Tenn. 1998), one defendant, a board of public education, sought to dismiss the complaint with respect to it because it is not a legal entity capable of being sued separately and distinctly from the Metropolitan Government of Nashville and Davidson County. Although the court granted that motion, id. at 994-95, that case differs from the instant case because the board of education documented its inability to sue under Tennessee law. Moreover, unlike the instant case, the proper defendant was already a party, so the dismissal of the school board would have had no practical effect.

The Court also declines to set aside the default because of the plaintiff's failure to file a certificate of consultation, as required by Local Rule 7.2(a)(1)(B), as that provision has no logical application to applications for entry of default. Likewise, the argument that the plaintiff failed to serve the Court's November 9, 2004 order on the defendant is unpersuasive. Delivery of the Court's orders to parties is a function ordinarily performed by the Clerk and, although the defendant had not yet been served, the November 9, 2004 order did not specifically direct plaintiff to provide defendant with a copy of that order. The direction that plaintiff serve "every further document filed in this cause" cannot reasonably be construed to include orders issued by the Court itself.

2

summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Despite its protestations that it is not a legal entity subject to suit, the defendant's motion does not address the legal status of the Shelby County Division of Correction and, therefore, it is not possible conclusively to determine the proper means of service. Pursuant to Tenn. R. Civ. P. 4.04(7), service shall be made "[u]pon a county, by delivering a copy of the summons and of the complaint to the chief executive officer of the county, or if absent from the county, to the county attorney if there is one designated." The defendant contends that service should have been made upon Shelby County Mayor AC Wharton and, because the summons and complaint were sent directly to the Shelby County Division of Correction and not to the address for the Shelby County Mayor, the plaintiff has failed properly to serve the defendant.

In response, the plaintiff contends that he served the summons and complaint on George Little, the Director of the Shelby County Division of Correction, and, therefore, has complied with Tenn. R. Civ. P. 4.04(9).[2] The return of service indicates, however, that the summons and complaint were served on the Shelby

---

[2] Pursuant to Tenn. R. Civ. P. 4.04(9), service shall be made "[u]pon any other governmental or any quasi-governmental entity, by delivering a copy of the summons and of the complaint to any officer or managing agent thereof." The Court's November 9, 2005 order directed the plaintiff to serve the defendant "pursuant to Fed. R. Civ. P. 4(j)(2) and Tenn. R. Civ. P. 4.04(7) & (9)." 11/09/04 order at 2.

3

County Division of Correction generally, rather than on Director Little.

Because the defendant had not been properly served, the default should not have been entered. Accordingly, the Court GRANTS defendant's motion, pursuant to Fed. R. Civ. P. 55(c).

It is necessary for the plaintiff properly to serve the defendant. Within thirty (30) days of the date of entry of this order, the plaintiff shall personally appear at the Clerk's office and, upon presenting a copy of this order, the Clerk shall provide plaintiff one (1) blank, unsigned summons. Pursuant to Fed. R. Civ. P. 4(b), the plaintiff is responsible for properly filling out the summons and presenting it to the Clerk for signature and seal. If the summons is in proper form, the Clerk shall sign, seal, and issue it to the plaintiff for service on the defendant. The plaintiff is responsible for ensuring that service is effected pursuant to Fed. R. Civ. P. 4(j)(2) and Tenn. R. Civ. P. 4.04(7).[3] In light of the defendant's motion, the plaintiff is advised that the summons and complaint should be served on Shelby County Mayor AC Wharton.

IT IS SO ORDERED this __2d__ day of December, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff also must comply with Rule 4(c)(2), which requires, in part: "Service may be effected by any person who is not a party and who is at least 18 years of age."

4

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 26 in case 2:04-CV-02856 was distributed by fax, mail, or direct printing on December 8, 2005 to the parties listed.

---

Antonio M. Perry
3277 Landmark Cove
Bartlett, TN 38134

Dedrick Brittenum
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT