```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

```
ANTONIO M. PERRY,

        Plaintiff,

vs.                                     No. 04-2856-Ma/V

SHELBY COUNTY DIVISION OF
CORRECTIONS,

        Defendant.
```

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Plaintiff Antonio M. Perry filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., on October 26, 2004 and paid the civil filing fee. The Court issued an order on November 9, 2004 that, inter alia, dismissed the complaint with respect to the individual defendant, authorized the clerk to issue a summons to the plaintiff, and directed the plaintiff to serve the remaining defendant, the Shelby County Division of Corrections. On August 12, 2005, the defendant filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(4), (5), and (6). Plaintiff responded to that motion on August 18, 2005.

Defendant first asserts that plaintiff's claim about his job assignment was not timely. An aggrieved person in a deferral state such as Tennessee must file a formal charge of discrimination

within three hundred (300) days of the allegedly discriminatory action, 42 U.S.C. § 2000e-5(e)(1), and must commence a civil action within ninety (90) days of receipt of the right to sue letter, <u>id.</u>, § 2000e-5(f)(1).[1]

Defendant first asserts that plaintiff received the right to sue letter concerning the job assignment on June 28, 2004. However, defendant has not attached any document to its motion that supports that assertion.[2] The EEOC issued a right to sue letter on the job assignment claim on July 28, 2004, a copy of which is attached to the complaint. The complaint in this action was timely filed within ninety days of the plaintiff's receipt of that right to sue letter. This aspect of defendant's motion is DENIED.

Next, defendant argues, without citation to authority, that the job assignment claim is moot because plaintiff is no longer employed by the defendant. As the complaint also seeks monetary damages, the claim is not moot. This aspect of defendant's motion is DENIED.

Next, defendant contends that the case should be dismissed for insufficient service of process. Defendant further argues that, because of this deficient service, the Court lacks

---

[1] The Supreme Court held in <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 110 (2002), that "[a] discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it."

[2] Exhibit B to the defendant's motion, which is referenced in the legal memorandum, is a copy of the plaintiff's charge of discrimination concerning the job assignment, which is dated February 17, 2004.

personal jurisdiction over the defendant. These matters were previously addressed in orders issued on December 2, 2005, which granted defendant's motion to set aside a default that had been entered and denied plaintiff's motion for a default judgment. The plaintiff was directed to properly serve the defendant, and he has apparently done so. This aspect of defendant's motion is DENIED.

Finally, the defendant moved to dismiss the complaint because the Shelby County Department of Corrections is not a suable entity. This issue was raised in the defendant's motion to set aside the default, and it was rejected as a basis for dismissal. 12/02/05 Order at 2 n.1.[3] In that regard, defendant has come forward with no evidence that the Shelby County Division of Corrections is not, in fact, suable under Tennessee law.[4] This aspect of defendant's motion is DENIED. The Court will, however,

---

[3] The defendant's memorandum cites cases that were not in his previous application, but they are not persuasive. There is a sentence in Rhodes v. Dannell, 945 F.2d 117, 120 (6th Cir. 1991), that "the Sheriff's Department is not a legal entity subject to suit." However, that language is dicta in light of the fact that the conduct of the individual defendants did not violate the Constitution and, therefore, there was no basis for holding the Sheriff's Department liable. The opinion in Rhodes cited Kurz v. Michigan, 548 F.2d 172, 174 (6th Cir. 1977), but that case raised no issue that appears applicable in this case. The Sixth Circuit in Kurz cited Kenosha v. Bruno, 412 U.S. 507 (1973), for the proposition that "[t]he county of Monroe is not a 'person' under 42 U.S.C. § 1983." 548 F.3d at 174. That holding has no application to this Title VII case. The only other federal case, Ashley v. Morgan County, Tenn., No. 3:05-CV-91, 2005 WL 1221197, at *1 (E.D. Tenn. May 23, 2005), did dismiss the Morgan County Sheriff's Department because the plaintiff conceded it was not a suable entity, but Morgan County remained in the case. Finally, the Tennessee decision on which defendant heavily relies, Leqleu v. Clarksville Dep't of Elec., 944 S.W.2d 364 (Tenn. Ct. App. 1995), is distinguishable because Shelby County had actual knowledge of this lawsuit, as evidenced by the fact that the defendant is represented by an Assistant Shelby County Attorney.

[4] If defendant truly believed this position had merit, it would have declined to respond to the administrative charge of discrimination filed by the plaintiff, and it would have notified the Court that it had taken that position before the EEOC.

entertain a motion from either party to change the name of the defendant to Shelby County.

IT IS SO ORDERED this 24th day of March, 2006.


                                    s/SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE


04-2856.Order.wpd